# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TAMARA BROWN, | ) |
|     Plaintiff, | ) |
| | ) No. 2:17-cv-02595-SHM-tmp |
| vs. | ) |
| | ) |
| TUNICA COUNTY SCHOOL DISTRICT, | ) |
|     Defendant. | ) |

# REPORT AND RECOMMENDATION

On August 16, 2017, *pro se* plaintiff Tamara Brown filed a complaint under Title IX of the Education Amendment of 1972, 20 U.S.C. §§ 1681-1688, against defendant Tunica County [Mississippi] School District ("Tunica"). (ECF No. 1.) Brown also filed a motion for leave to proceed *in forma pauperis*, which the court granted on August 23, 2017. (ECF Nos. 2; 7.) Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons stated below, the undersigned recommends that this case be transferred to the United States District Court for the Northern District of Mississippi, Oxford Division, where venue is proper. See 28 U.S.C. § 1406(a).

Brown alleges that she reported an incident of sexual harassment to the principal of DunDee Elementary – an elementary school in Tunica County, Mississippi - in August 2014, which Tunica failed to investigate. (ECF No. 1 at 1.) Thereafter, Brown alleges she filed a complaint with the Mississippi Department of Education. (Id.) Following this and other complaints, Brown alleges that the United States Department of Education Office of Civil Rights investigated Tunica and determined its Section 504 and Title II grievance procedures were inadequate. (Id. at 3.) Brown requests $100,000 in statutory damages. (Id. at 1, 3.)

Tunica, the only named defendant, is a school district located in Mississippi. While Brown's federal complaint lists a P.O. box in Germantown, Tennessee, as her address, Brown's application to proceed *in forma pauperis* states her legal residence as Southaven, Mississippi. (ECF No. 2 at 5.)

Title IX claims are subject to the general venue provision of 28 U.S.C. § 1391. See Doe v. Univ. of Tenn., No. 3:16-cv-199, 2016 WL 1253004, at *5 (M.D. Tenn. Mar. 29, 2016); see also Dasisa v. Univ. of Mass., No. 05-0807CKK, 2005 WL 3211421, at *2 (D.D.C. Oct. 24, 2005) (dismissing Title IX claim for, inter alia, improper venue under 28 U.S.C. § 1391 where alleged events giving rise to claim occurred in Massachusetts and California); Sharif v. N.Y. State Educ. Dep't, 709 F. Supp. 345, 358-59 (S.D.N.Y. 1989) (considering proper venue of Title IX action under 28 U.S.C. §

1391(b)). That section provides:

>    A civil action may be brought in-
>
>    (1) A judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located;
>
>    (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
>    (3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such matter.

28 U.S.C. § 1391(b)(1)-(3). "[T]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also Martin v. Stokes, 623 F.2d 469, 474 (6th Cir. 1980).

The Western District of Tennessee is not a proper venue for this action. Brown does not allege that the defendant resides in the Western District of Tennessee; the only named defendant is a school district located in Tunica County, Mississippi. See 28 U.S.C. § 1391(b)(1). Nor does Brown allege that a "substantial part of the events or omissions giving rise to the claim occurred" in the Western District of Tennessee. See id. § 1391(b)(2). It appears that all of the alleged events giving rise to the claim –

the initial sexual harassment and report, the investigation (or lack thereof) by Tunica, the complaint filed with and investigation by the Mississippi Department of Education, and the investigation by the United States Department of Education Office of Civil Rights —occurred in Mississippi. The only apparent connection to the Western District of Tennessee is a P.O. Box in Germantown, Tennessee, that Brown lists as her address. But that has no bearing on whether venue is proper in this District.

It appears that venue is proper in the United States District Court for the Northern District of Mississippi.[1] The undersigned therefore recommends that, in the interest of justice, the Clerk be ordered to transfer this case to the Northern District of Mississippi pursuant to 28 U.S.C. § 1406(a), and that this case be closed without entry of judgment.[2] In so recommending, the undersigned does not consider the screening factors in 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 31, 2017
Date

---

[1] See http://www.msnd.uscourts.gov/maps.

[2] A federal district court may transfer a case from an improper forum to a proper forum regardless of whether the district court could exercise personal jurisdiction over the defendants. Taylor v. Love, 415 F.2d 1118, 1119-20 (6th Cir. 1969) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962)).

NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**